Filed 6/17/24  P. v. Crawford CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083926 |
| Plaintiff and Respondent, | |
| v. | |
| MICHAEL THOMAS CRAWFORD, | (Super. Ct. No. FSB049039) |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino, Colin J. Bilash, Judge.  Affirmed.

Michael Thomas Crawford, in pro. per; and Valerie G. Wass, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2008, a jury convicted Michael Thomas Crawford of one count of first degree murder.  (Pen. Code,[1] § 187, subd. (a).)  In 2023, Crawford filed a petition for resentencing under section 1172.6 on the ground that he was convicted of murder and "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective

---

[1]    All further statutory references are to the Penal Code.

January 1, 2019." The court appointed counsel for Crawford, received briefing, and held a hearing. Appointed defense counsel conceded Crawford was not eligible for relief.

The trial court found that Crawford had not made a prima facie case for resentencing because "[h]e was found to be the shooter," and "[t]here was no finding, any verdict or otherwise, related to felony murder or any other analysis that would render a different verdict . . . based on the change in the law." The court denied Crawford's petition.

Crawford filed a timely notice of appeal. Appellate counsel subsequently filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating she has not been able to identify any potentially meritorious issues for reversal on appeal.

Crawford was notified of his right to file his own brief on appeal. He elected to do so and has raised the following issues:

"1) [Is Crawford entitled to resentencing as a youth offender?]

"2) Does [Crawford's] petition in conjunction with the record of conviction establish that [he] made [a] prima facie showing that he is entitled to resentencing pursuant to section 1172.6 so that the [trial] court was required to issue an order to show cause and hold evidentiary hearing?

"3) Has [Crawford] made a prima facie showing that he is entitled to relief under section 1172.6 because his jury was instructed with CALCRIM No. 520, which [*sic*] the following:

"The defendant acted with implied malice if: 1. He intentionally committed an act; 2. The natural and probable consequences of the act were dangerous to human life; 3. At the time he acted he [k]new his act was dangerous to human life; AND 4. He deliberately acted with conscious disregard for human life[']"?

2

"4) In determining [Crawford's] eligibility for resentencing, was the [trial] court's erroneous consideration of the unpublished opinion in [Crawford's] prior direct appeal prejudicial so that it requires reversal of the court's order denying [his] petition for resentencing.

"5) Does the record of conviction establish that [Crawford] is ineligible for resentencing pursuant to section 1172.6 as a matter of law where it reflects the following: the jury was not instructed on felony murder or the natural and probable consequences doctrine, and the jury found true the allegation that in the commission of the murder [Crawford] personally and intentionally discharged a firearm which proximately caused great bodily injury and death?"

We have reviewed the issues raised by Crawford and relevant portions of the record of conviction, and we agree with counsel that there are no potentially meritorious arguments for appeal. We therefore affirm.

DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Delgadillo*, and Crawford has elected to file his own supplemental brief. Although we are "required to evaluate the specific arguments presented in that brief," we are not "compel[led to conduct] an independent review of the entire record to identify unraised issues." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

As an initial matter, Crawford raises an argument regarding his youth offender status. However, Crawford's notice of appeal is limited to the order denying his section 1172.6 petition. The record does not reflect whether the trial court has ruled on Crawford's separate request for a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261. Any such ruling is not before us at this time.

With respect to Crawford's section 1172.6 petition, the record establishes, as a matter of law, that he was not convicted "under a theory of

3

felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987.) Crawford was convicted of a sole count of first degree murder, and the jury found true that he "personally and intentionally discharged a firearm, a handgun, which proximately caused great bodily injury and death" to the victim. The jury was not given any instructions concerning felony murder, the natural and probable consequences doctrine, or any other theory of imputed malice.

Crawford notes an implied malice instruction given to the jury that references "natural and probable consequences." However, this instruction states, in relevant part:

"The defendant acted with *implied malice* if:

> "1. He intentionally committed an act;

> "2. The natural consequences of the act were dangerous to human life;

> "3. At the time he acted, he knew his act was dangerous to human life;

> "AND

> "4. He deliberately acted with conscious disregard for human life.

> ". . .

> "An act causes death if the death is the direct, natural, and probable consequence of the act and the death would not have happened without the act. A *natural and probable consequence* is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is natural and probable, consider all of the circumstances established by the evidence."

4

To find that Crawford acted with implied malice, the jury had to find that he "deliberately acted with conscious disregard for human life." This instruction "did not allow implied malice to be imputed solely from the natural consequences of [his] act." (*People v. Carr* (2023) 90 Cal.App.5th 136, 145.)

Crawford also argues the trial court erred by considering our prior, unpublished opinion affirming his conviction. (*People v. Crawford* (Oct. 6, 2009, D054954 [nonpub. opn.].) The trial court may properly rely on the record of conviction, and "[a]ppellate opinions . . . are generally considered to be part of" that record. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–972.) In any event, we have reviewed Crawford's eligibility for section 1172.6 relief independently. (See *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.) Even without considering the prior appellate opinion, the record clearly demonstrates that Crawford is not entitled to relief.

DISPOSITION

The order denying Crawford's petition for resentencing under section 1172.6 is affirmed.

McCONNELL, P. J.

WE CONCUR:


HUFFMAN, J.


KELETY, J.

5